**IN THE UNITED STATES BANKRUPCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) |
| APRIL L. ANDERSON DEBTOR | ) ) ) ) CHAPTER 13 |
| MTGLQ INVESTORS, L.P.. | ) ) ) NO. 19-16929-MDC |
| VS. | ) ) |
| APRIL L. ANDERSON DEBTOR | ) ) 11 U.S.C. Section 362 ) ) |
| WILLIAM C. MILLER TRUSTEE | ) ) ) |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is MTGLQ Investors, L.P..

2. Debtor, April L. Anderson (hereinafter "Debtor") is the owner of the premises located at **349 Van Kirk Street, Philadelphia, PA 19120** (hereinafter the "Property").

3. On August 18, 2020, Movant filed a Motion for Relief and Debtor filed a Response on September 1, 2020.

4. Debtor is post-petition delinquent for the November 2019 payment (November 2019 @ $495.90; December 2019 through October 2020 @ $744.49). The post-petition arrearage on the mortgage held by Movant on the Property is $9,916.29, which breaks down as follows:

> Post-Petition Payments: $8,685.29 (November 2019 @ $495.90; December 2019 through October 2020 @ $744.49.)
> Fees & Costs Relating to Motion: $1,231.00 ($1,050.00 fees and $181.00 costs)
> **Total Post-Petition Arrears with fees and costs: $9,916.29**

5. Debtor shall cure said arrearages in the following manner:

    a. Within ten (10) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$9,916.29.**

    b. Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$9,916.29** along with the pre-petition arrears.

    c. The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

6. Beginning with the payment due November 1, 2020 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $744.49 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

7. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

8. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

9. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The provisions of this stipulation are without prejudice to any of our rights and remedies available to the Trustee.

13. The parties agree that a facsimile signature shall be considered an original signature.

Date: 11-6-20            By:    /s/ Joshua I. Goldman
                                Joshua I. Goldman, Esquire
                                Attorney for Movant

Date: 11-6-20            By:    /s/ Michael A. Cataldo, Esquire *(w/ permission)*
                                Michael A. Cataldo, Esquire
                                Attorney for Debtor

Date: 11-6-20            By:    /s/ William C. Miller *(w/ permission)*
                                William C. Miller, Esquire
                                Chapter 13 Trustee

Approved by the Court this  9th  day of  November , 2020. However, the court retains discretion regarding entry of any further order.

_____
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge